CALOGERO, Chief Justice,
dissents and assigns reasons.
hi disagree with the majority’s resolution of defendant’s assignment of error No. 11 as it regards the issue of defendant’s claimed mental retardation under La. Code Crim. Proc. art. 905.5.1 and Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Although there was perhaps no legal basis for the district court to quash the indictment, as the majority points out, I believe this court should nevertheless remand the case to the district court and order that it conduct a hearing on whether trial counsel’s failure to preserve the issue of mental retardation — by failing either to request that the jury decide the issue as authorized by La.Code Crim. Proc. art. 905.5.1(B) or to seek a jury instruction charging jurors that they could not return a death verdict if they determined that the defendant was mentally retarded — constitutes ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and/or whether the defendant qualifies as mentally retarded under La.Code Crim. Proc. art. 905.5.1 and Atkins, which set forth a non-waivable exemption from capital punishment for the mentally retarded offender. See State v. Campbell, 06-0286 (La.5/21/08), 983 So.2d 810.
Although in Campbell, the majority concluded that a remand to the district court for it to consider the issue of mental retardation was not warranted because the record on appeal did not show reasonable grounds to question whether the defendant was mentally retarded and thus exempt from capital punishment, the appellate record |¿in the instant case is quite different. In the case before us, Dr. Vigen and Dr. Williams both testified prior to trial that the defendant in their opinion met the definition of mental retardation set out in La.Code Crim. Proc. art. 905.5.1. Therefore, in my view, the record evidence regarding the defendant’s mental retardation is sufficient, i.e., that there is a reasonable likelihood that she is mentally retarded, to justify a remand to the district court at this juncture, rather than to delay the issue for resolution in post-conviction proceedings.
Accordingly, I respectfully dissent from the majority opinion.